UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUSSELL DEAN HARRIS,

    Plaintiff,

v.

BELLEVUE SCHOOL DISTRICT, *et al.*,

    Defendants.

Case No. C18-1226RSM

ORDER DENYING PLAINTIFF'S MOTION TO SEAL

This matter comes before the Court on Plaintiff's Motion to Seal.[1] Dkt. #12. Plaintiff's brief Motion provides:

> Harris move that this court seal every exhibit in this case, and replace Harris' name in its every instance with the initials R.H. Harris makes this request because he believe he is being subjected to post employment retaliation. A quick google search of Harris' name shows several cases Harris has filed in this court on display by both the websites "legal eagle" and "pacer monitor". Harris understands that the case law supports cases not be sealed, but at the same time Harris has the right to be free from retaliation as a matter of law. And simply exchanging Harris name for his initials does not impede public access to the case. Harris also requests permission to submit is notice of change of address in camera.

Dkt. #12.

"There is a strong presumption of public access to the court's files." Local Civil Rule 5(g). The party seeking to seal a judicial record must overcome the strong presumption of public

---

[1] Plaintiff filed his Motion as a "Stipulated Motion" and attached an email from Defendants' attorney of record indicating that Defendants "will not be filing any pleadings in response to your motion." Dkt. #12-2. Plaintiff's Motion is not a stipulated motion, merely unopposed.

ORDER – 1

access by establishing a "compelling reason" justifying sealing. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"[2] *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). However, the trial court must articulate a "factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179. Even after finding a compelling reason, "[t]he court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Center for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179) (alterations in original)

Plaintiff's Motion seeks to seal all exhibits and to have the Court redact Plaintiff's name to his initials on all documents previously filed on the docket. Dkt. #12. Plaintiff does not address the applicable standards for sealing court records and does not cite to any authority supporting his request to seal the exhibits or placing a duty on the Court to redact documents that Plaintiff previously filed. Plaintiff asserts only that "he is being subjected to post employment retaliation" because "googling" his name returns information about this and other cases Plaintiff has filed. Plaintiff does not establish why websites unrelated to this action would be engaged in "post employment retaliation" against him or even that the Court's sealing and redaction would alter the information already available on the internet. The Court does not find a compelling reason justifying the extraordinary relief Plaintiff's Motion seeks.

---

[2] "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

ORDER – 2

Plaintiff also requests that the Court grant him permission to "submit [h]is notice of change of address in camera." This matter was dismissed with prejudice and is now closed and the Court is not aware of any reason that Plaintiff would need to submit a notice of change of address.

Accordingly, having reviewed Plaintiff's Motion and the remainder of the record, the Court finds and ORDERS that Plaintiff's Motion to Seal (Dkt. #12) is DENIED.

Dated this 17 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3